STRONG *v.* WEBER.

APPEAL AND ERROR—QUESTIONS CONSIDERED—WAIVER OF ERROR.
  Where, on error by defendant in an action for negligence, the only error assigned is refusal to direct a verdict for defendant for failure of proof as to his negligence, and defendant states that a new trial is not desired, and if reversal accompanied by denial of another trial could not be had, the error would be waived, and the evidence does not affirmatively and conclusively show absence of negligence, and plaintiff might produce, if attainable, other evidence of negligence without bad faith, the error will be treated as waived and the judgment affirmed.

Error to Bay; Shepard, J.   Submitted February 9, 1905.   (Docket No. 117.)   Decided March 28, 1905.

Case by Arthur Strong against Henry Weber for personal injuries.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Simonson, Gillett & Clark,* for appellant.

*Pierce & Kinnane* (*De Vere Hall,* of counsel), for appellee.

HOOKER, J. The defendant has appealed from a verdict and judgment for $610 for injuries received from the fall of a truss that had been raised and was being secured in position upon the walls of a building in process of erection. The plaintiff was a carpenter in the defendant's employ. The only error alleged is that the court refused to direct a verdict for the defendant. Upon the oral argument we understood counsel for the defendant to say that a new trial was not desired, and that, if a reversal of the judgment could not be accompanied by the denial of another trial, he would waive the claim of error. We see no impropriety in this suggestion, and have examined the case with it in mind. We think that there is much force in the claim that no actionable negligence is shown upon this record. While this is true, the evidence does not affirmatively and conclusively show that this fall of the truss was not the result of negligence. Upon this record, if the merits were to be left to us, we should say that it is probable that no blame should attach to any one. The reason for our saying it is the absence of a satisfactory explanation of the cause of the fall of the truss. The parties and all witnesses seem unable to tell the cause. The plaintiff's testimony is not so inconsistent with the negligent cause to make bad faith necessary upon his part to show additional facts proving such negligence, as has usually been the case where we have denied new trials upon reversal. If there is evidence of such attainable, he should not be denied the benefit of it. If we should conclude that there was error in the course taken upon the trial, we should feel it a right of the plaintiff to have a retrial of the cause.

We therefore treat the alleged error as waived, and the judgment is affirmed.

MOORE, C. J., and CARPENTER, McALVAY, and GRANT, JJ., concurred.